IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRANCE WILLIAMS,           :

     Plaintiff,            :

vs.                  :    CIVIL ACTION 05-0562-CG-M

JEFF DUNN, et al.,        :

     Defendants.         :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on the motion for summary judgment of Defendants, Jeff Dunn, Randall Younce, and Doug Phillips (Docs. 13, 14), and Plaintiff's Opposition thereto (Docs. 15, 17, 24).  For the reasons stated below, it is recommended that the motion for summary judgment of Defendants Dunn, Younce, and Phillips be granted and that Plaintiff's action against these Defendants be dismissed without prejudice.

I.  SUMMARY OF FACTUAL ALLEGATIONS

From its review of the record, the Court summarizes the parties' allegations that are material to the issues addressed in this Report and Recommendation. On February 12, 2004, Baldwin County Deputies Doug Phillips and Randall Younce observed

Plaintiff driving a 1984 Chevy Caprice on the Causeway in Baldwin County, Alabama. (Doc. 4 at 4; Doc. 14, Ex. 2 at 2-3 and Ex. 3 at 2). Deputy Phillips, who was running radar, registered Plaintiff's speed at sixty-one m.p.h. in a fifty-five m.p.h. zone. (Doc. 14, Ex. 2 at 2). In addition, Deputy Younce observed the vehicle operating without a tag light and pulled out behind Plaintiff's vehicle, activating his emergency lights. (Id., Ex. 3 at 2). Plaintiff pulled his vehicle into the Ramada Inn parking lot and stopped, and Deputies Phillips and Younce approached the vehicle. (Id.). Deputy Younce informed Plaintiff of the reason for the stop and asked to see Plaintiff's driver's license. (Id.). After inspecting the driver's license, Deputy Younce asked Plaintiff to get out of the vehicle, and Deputy Phillips frisked Plaintiff. (Id.). Deputy Phillips felt a plastic bag in Plaintiff's front, right pocket, containing a powdery substance which he believed to be drugs. He removed the contents of the pocket and found two plastic bags containing a white powdery substance which field tested positive for cocaine. (Id., Ex. 2 at 2-3). Deputy Phillips contacted Narcotics Investigator Dunn who responded to Plaintiff's location in the parking lot. (Id., Ex. 1 at 3). Baldwin County Sheriff's Narcotics Investigator Burke also responded to a request for assistance and arrived on the scene. (Id.). Investigator Burke read Plaintiff his Miranda rights, and Plaintiff responded that

2

he understood those rights.  (<u>Id.</u>).  Upon questioning, Plaintiff
admitted to Investigator Dunn that the plastic bags contained
cocaine that he was delivering to an individual at the Ramada
Inn.  (<u>Id.</u>).  Investigator Dunn field tested and weighed the
substance in the plastic bags.  It tested positive for cocaine
and weighed approximately thirty-five grams.  (<u>Id.</u>).  Plaintiff
was then arrested and charged with trafficking in cocaine.
(<u>Id.</u>).

On December 7, 2004, Plaintiff was convicted of trafficking
in cocaine and sentenced to twenty years in prison.  (Doc. 4 at
6).  Plaintiff appealed his conviction in state court, and that
appeal is still pending.  (<u>Id.</u> at 4).  Neither Plaintiff's
conviction nor his sentence has been reversed, expunged, or
invalidated.  (<u>Id.</u> at 6).

II.  PROCEDURAL ASPECTS OF THE CASE

On October 4, 2005, Plaintiff filed his Complaint under 42
U.S.C. § 1983.  (Doc. 1).  On October 20, 2005, the Court ordered
Plaintiff to refile his Complaint on this Court's form, which he
did on November 10, 2005, claiming that Defendants Dunn, Younce,
and Phillips violated his rights under the Fourth Amendment by
unlawfully searching him without a warrant.  (Doc. 4 at 5-6).
According to Plaintiff, Defendants "ma[d]e a warrantless search
for narcotics," which resulted in Defendants finding cocaine on
his person, leading to his conviction for trafficking in cocaine.

3

(Id.).  Plaintiff seeks compensatory and punitive damages.  (Id. at 7).

On October 23, 2006, Defendants filed their Answer and Special Report, denying any violation of Plaintiff's constitutional rights and asserting the defenses of absolute and qualified immunity.[1]  (Docs. 13, 14).  On February 7, 2007, the Court converted the Answer and Special Report to a motion for summary judgment.  (Doc. 21).  On November 8, 2006, December 11, 2006, and March 1, 2007, Plaintiff filed responses to the Answer and Special Report, reasserting his Fourth Amendment claim

---

[1] Plaintiff does not specify whether he is suing Defendants in their official or individual capacities or both.  Thus, the Court will consider both.  Defendants, Baldwin County Narcotics Investigator Dunn, Baldwin County Sheriff's Deputy Younce, and Baldwin County Sheriff's Deputy Phillips are state officers and, thus, are absolutely immune from suit for damages in their official capacities.  See Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) ("deputy sheriffs are state officials entitled to Eleventh Amendment immunity when sued in their official capacities.").  Moreover, "[q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)).  In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right."  Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Having found herein that Plaintiff's allegations do not establish a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity."  Saucier, 533 U.S. at 201.

against Defendants.  (Docs. 15, 17, 24).  These motions are now before the Court.

<u>III. SUMMARY JUDGMENT STANDARD</u>

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles.  The <u>Federal Rules of Civil Procedure</u> grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment.  "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting <u>Fed. R. Civ. P.</u> 56(c)).

The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party.  <u>Barfield v. Brierton</u>, 883 F.2d 923, 934 (11th Cir. 1989).  However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

<u>Fed. R. Civ. P.</u> 56(e); <u>see also Celotex Corp.</u>, 477 U.S. at 325-27.  "[T]here is no issue for trial unless there is

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . .  If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary judgment may be granted against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." <u>Liberty Mut. Fire Ins. Co. v. Sahawneh</u>, 2001 WL 530424, *1 (S.D. Ala. May 11, 2001) (unreported) (citing <u>Anderson</u>, 477 U.S. at 249-50).

<u>IV. DISCUSSION</u>

In this action, Plaintiff seeks redress for an alleged constitutional deprivation pursuant to 42 U.S.C. § 1983.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Specifically, Plaintiff asserts that Defendants, Narcotics Investigator Dunn, Deputy Younce, and Deputy Phillips, violated his Fourth Amendment rights by unlawfully searching him without a

warrant after stopping him for speeding and operating his vehicle without a tag light and, further, that Defendants unlawfully seized two plastic bags of cocaine located in Plaintiff's front, right pocket, which directly resulted in Plaintiff being arrested for and convicted of trafficking in cocaine.  (Doc. 4 at 4-6).  As discussed above, Plaintiff seeks compensatory and punitive damages for this alleged violation.  (Id. at 7).  The United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), governs this case.

In Heck, the Supreme Court reaffirmed the rule established in Preiser v. Rodriquez, 411 U.S. 475 (1973), that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481.  A claim by a prisoner seeking to obtain injunctive relief to end or shorten his confinement is simply not cognizable under § 1983.  Unlike the plaintiff in Preiser, however, the plaintiff in Heck sought only monetary damages for the alleged unlawful conduct that led to his arrest and confinement.  Faced with only a damages claim, the Heck court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

>           sentence has been reversed on direct appeal,
>           expunged by executive order, declared invalid
>           by a state tribunal authorized to make such
>           determination, or called into question by a
>           federal court's issuance of a writ of habeas
>           corpus, 28 U.S.C. § 2254.  A claim for
>           damages bearing that relationship to a
>           conviction or sentence that has *not* been so
>           invalidated is not cognizable under § 1983.
>           Thus, when a state prisoner seeks damages in
>           a § 1983 suit, the district court must
>           consider whether a judgment in favor of the
>           plaintiff would necessarily imply the
>           invalidity of his conviction or sentence; if
>           it would, the complaint must be dismissed
>           unless the plaintiff can demonstrate that the
>           conviction or sentence has already been
>           invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted) (emphasis added, in

part).  In Heck, the court reasoned that, by establishing the

basis for his damages claim, Heck would "necessarily imply" the

invalidity of his conviction.  Id. at 487, 490.  Therefore, his

damages claim was not cognizable under § 1983 until the

conviction or sentence had been appropriately invalidated.  Id.

     In the present action, Plaintiff alleges that Defendants

searched him without a warrant and seized thirty-five grams of

cocaine from his pocket, leading to his immediate arrest and

subsequent conviction for trafficking in cocaine.  (Doc. 4 at 4-

6).  While Plaintiff does not seek to be released from prison or

to recover damages for a wrongful conviction, he does seek to

recover damages for harm caused by Defendants' alleged unlawful

8

search and seizure of the cocaine in his pocket.[2]   (Id. at 7).
Without question, a judgment in favor of Plaintiff on his claim
for damages for Defendants' alleged unlawful search and seizure
of the thirty-five grams of cocaine would "necessarily imply" the
invalidity of his conviction for trafficking in cocaine.   Heck,
512 U.S. at 487.   Because Plaintiff's conviction has not been
reversed, expunged, or invalidated (Doc. 4 at 6), the instant
collateral attack on that action is prohibited by Heck.

Having considered Plaintiff's Complaint against Defendants
Dunn, Younce, and Phillips and the undisputed evidence in this
action, the Court concludes that Plaintiff's § 1983 claim is
premature under Heck.   Thus, Defendants are entitled to summary
judgment on Plaintiff's Complaint, in its entirety.[3]

<u>V.   CONCLUSION</u>

Based on the foregoing, it is recommended that the motion

---

[2] Plaintiff seeks compensatory damages for "pain and suffering" and "impairment of enjoyment of life."   (Doc. 4 at 7).

[3] Even if this action were not barred by Heck, Defendants would be entitled to summary judgment inasmuch as Plaintiff has failed to establish any Fourth Amendment violation related to Defendants' search and seizure of the cocaine in his pocket. See, e.g., U.S. v. Walker, 181 F.3d 774, 778-79 (6th Cir. 1999) ("During a Terry stop, a police officer may conduct a limited search for concealed weapons, if the officer believes that a suspect may be dangerous. . . .   If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.").

for summary judgment of Defendants, Jeff Dunn, Randall Younce,

and Doug Phillips (Docs. 13, 14), be granted and that Plaintiff's

action against these Defendants be dismissed without prejudice.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this

action are adequate for purposes of review.  Any party planning to
object to this recommendation, but unable to pay the fee for a
transcript, is advised that a judicial determination that
transcription is necessary is required before the United States
will pay the cost of the transcript.

    DONE this 11th day of April, 2007.

                                                         s/BERT W. MILLING, JR.
                                                         UNITED STATES MAGISTRATE JUDGE