IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TERRANCE D. WILLIAMS** ) | |
| ) | |
| v.   ) | CRIMINAL NO. 05-0562-CG-M |
| ) | |
| **JEFF DUNN, et al.,** ) | |
| ) | |

## ORDER

This matter is before the Court on Terrance Williams' ("Williams"), "Rule 60(b) Motion". (Doc. 31). To the extent that Williams' motion is construed as a Rule 60(b) motion, it is DENIED for the reasons set forth herein. To the extent that Williams meant to seek habeas relief, he should file his habeas petition on the correct form in compliance with 28 U.S.C. § 2254.

## DISCUSSION

In 2004, Williams was convicted of trafficking in cocaine. (Doc. 4 at 6). In January 2005, Williams was sentenced to twenty years in prison. (Doc. 31 at 1).

Relevant to the motion before the Court, in 2007, Williams filed a complaint under 42 U.S.C. § 1983. (Doc. 4). The petition was dismissed without prejudice as premature. (Docs. 28 and 29). Williams has now filed a "Rule 60(b) Motion" wherein he seeks this Court to "reopen case number 05-cv-00562-CG-M, that was dismissed without prejudice on May 11, 2007. As a timely filed 2254." (Doc. 31 at 1; PageID.129). In his motion, Williams indicates that he has exhausted his state court remedies and "petition this Court for writ of habeas corpus for relief." (*Id*. at

2; PageID.130). Williams further contends that the traffic stop which formed the basis for his conviction violated the Fourth and Fourteenth Amendments. Finally, Williams asserts the jury selection process "violat[ed] the right to a fair jury trial, equal protection of the law and due process." (*Id*. at 3; PageID.131). Accordingly, Williams seeks to have his conviction overturned and set aside. (*Id*.)

To the extent that Williams' motion is brought pursuant to Rule 60(b) it fails for several reasons. Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding for the following reasons; (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b). Williams does not designate under what theory he should be granted relief. Further, this Court's previous order, denied without prejudice Williams' §1983 action as *premature*. Williams has not argued that the Court's determination was in error or that his claim is otherwise now ripe. Moreover, through his motion, Williams seeks to set aside his conviction and sentence, relief which is not available to him via a § 1983 action. Finally, even if Williams' motion was truly a Rule 60(b) motion, it would be untimely. *See* Fed. Rule. Civ. Pro. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.)". It has certainly been more than one year since this Court dismissed Williams § 1983 action. Nevertheless, even assuming Williams is seeking relief pursuant to (4), (5), or (6),

this Court cannot reason that a fourteen year delay in filing the instant motion would be considered within a "reasonable time". Accordingly, to the extent that Williams' motion is meant to be pursuant to Rule 60(b), as it is entitled, it is due to be denied.

Because Williams' motion additionally seeks to have his conviction and sentence overturned, his motion should more likely be construed as a petition pursuant to 28 U.S.C. § 2254. *See Gonzalez v. Secretary for Dept. Corrections*, 366 F.3d1253, *1260 (11th Cir. 2004) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack. In contrast, a Rule 60(b) motion is aimed at having a prior judgment denying § 2255 relief from a conviction and sentence set aside because of some problem with or defect in the proceeding that led to the judgment denying § 2255 relief.")(citation omitted).

However, it cannot be determined from the instant filing whether Williams' motion is properly before this Court. Under § 2254(b)–(c), habeas petitioners must exhaust their administrative remedies before advancing their claims in a federal habeas petition. *See Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("Generally, in order to bring a § 2254 habeas corpus petition in federal court, a petitioner must exhaust all state court remedies."). Williams states that he exhausted his administrative remedies, but there is no evidence to support his contention. There is also a lack of information as to whether Williams has

previously filed a § 2254 motion.  Accordingly, Williams is warned that if he has previously filed a § 2254 petition, he must obtain certification from the Eleventh Circuit Court of Appeals before he may file another motion pursuant to 28 U.S.C. § 2254. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Finally, to the extent that Williams seeks habeas relief pursuant to § 2254, there is a lack of supporting evidence that his petition would be timely.  Petitions for the writ of habeas corpus filed pursuant to § 2254 are governed by the one-year filing limitation period established by § 2244(d). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Again, the record in this case establishes that it has been fourteen years since this Court entered a ruling on Williams' § 1983 action.  The record is without any record of the state court proceedings from which this Court could determine whether Williams' motion, to the extent that it was construed as a § 2254 petition, would be timely.  Accordingly, rather than construe Williams'

4

motion as a § 2254 petition and potentially deny the same for the reasons herein above, this Court will instead deny the instant motion for Rule 60(b) relief and instruct Williams that should he wish to file a petition pursuant to 28 U.S.C. § 2254, he should file the same in compliance with 28 U.S.C. § 2254.

## CONCLUSION

To the extent that Williams' motion is construed as a Rule 60(b) motion, it is DENIED for the reasons set forth herein.  To the extent that Williams meant to seek habeas relief, he should file his habeas petition on the correct form in compliance with the rules relating to § 2254 petitions.

DONE and ORDERED this 26th day of October, 2021.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE